IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAUGHN NEITA, | ) |
|     Plaintiff, | ) |
| v. | ) No. 19-cv- 00595 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS KAREN RITTORNO, Star #4473, DOMINGO ENRIQUEZ, JR. Star #12794, ANIMAL CARE AND CONTROL OFFICER ARTURO FRANCO, Star #326, | ) |
|     Defendants. | ) **JURY DEMANDED** |

## COMPLAINT

NOW COMES the Plaintiff, VAUGHN NEITA, through his attorney, Jared S. Kosoglad, and complaining of the Defendants CITY OF CHICAGO; CHICAGO POLICE OFFICERS KAREN RITTORNO, Star #4473, DOMINGO ENRIQUEZ, JR., Star #12794, and ANIMAL CARE AND CONTROL OFFICER ARTURO FRANCO, Star #326, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against the Defendants for committing acts under color of law, and depriving the Plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**PARTIES**

3. PLAINTIFF VAUGHN NEITA is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

4. DEFENDANTS CHICAGO POLICE OFFICERS KAREN RITTORNO, Star #4473, and DOMINGO ENRIQUEZ, JR., Star #12794, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

5. DEFENDANT ANIMAL CARE AND CONTROL OFFICER ARTURO FRANCO, Star #326, was, at the time of this occurrence, a duly authorized agent of the City of Chicago's Department of Animal Care and Control. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**FACTS**

6. On February 4, 2018, at about 8:38 p.m. Animal Care and Control (ACC) Agent Andreas Morgen emailed Defendant Karen Rittorno requesting an investigation into the treatment of a dog at 413 N. Central Park. Officer Rittorno indicated to the effect that she would check it out the next day, and Agent Morgen indicated an expression of thanks.

7. On February 7, 2018, Defendants Rittorno and Enriquez went to 413 N. Central Park Blvd. in Chicago, Illinois, and observed Plaintiff's pet dog, hereinafter referred to as Macy. Macy presented in an unremarkable condition and in good health. Defendants seized Macy without probable cause or any other lawful basis.

8. At the moment Defendants arrived and seized Macy, Mr. Neita was not present at 413 N. Central Park Blvd.

9. Mr. Neita arrived while the defendants were still present at the scene and requested that the police release his pet into his custody. Defendants refused, still without any legal basis for seizing Macy in the first place.

10. Mr. Neita telephoned his sister, a Chicago Police Officer, who advised Mr. Neita to request that the officers call for their supervisor.

11. When Mr. Neita made that request, Defendant Rittorno advised Mr. Neita that they had no supervisor. Mr. Neita's sister advised that she would call for a supervisor herself. Defendant Rittorno then called for a supervisor and immediately thereafter Defendants Rittorno and Enriquez placed Plaintiff under arrest.

12. The arrest of Plaintiff by Defendants Rittorno and Enriquez was made without probable cause or any other legal basis.

13. Defendant Franco, as part of a joint unlawful effort with Defendants Rittorno and Enriquez, or, in the alternative, at the direction of Defendants Rittorno and Enriquez, took possession of Macy and seized Macy without probable cause or any other lawful basis.

14. On February 7, 2018, Defendants Rittorno and Enriquez, Jr. submitted an arrest report, attached hereto as Exhibit 1. While the Exhibit 1 report contains an inaccurate narrative of events on page 2, the "Incident Narrative" section purports to provide, "the facts for probable cause to arrest AND to substantiate the charges." The page 2 "Incident Narrative" section, even assuming the truth of the narrative for the sake of argument, does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense.

15. Defendants Rittorno, Enriquez, and Franco caused Plaintiff to be charged with animal cruelty and violation of owner's duties, despite the absence of probable cause to do so or any other lawful basis.

16. On February 20, 2018, Defendants Rittorno and Enriquez submitted a "Gang Investigation Division Supplementary Report," attached hereto as Exhibit 2. While the Exhibit 2 report contains an inaccurate narrative of events on page 2, the "Summary of Investigation" narrative, assuming the truth of the narrative for the sake of argument, does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense.

17. On March 16, 2018, before Judge Robert Kuzas of the Circuit Court of Cook County, a hearing was held on motions by the prosecutors to require Plaintiff to post security and to forfeit Macy. Officer Rittorno and Dr. Lindsey Garner, a veterinarian from the City of Chicago's Animal Care and Control Unit, testified for the State at the March 16, 2018 hearing. See Exhibit 3, 3/16/18 Transcript.

18. While the testimony of Defendant Rittorno was inaccurate and untruthful, even if Defendant Rittorno's testimony were true for the sake of argument, the testimony does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense. See, Exhibit 3, pp. 5-22.

19. Dr. Garner testified to the effect that she conducted a physical exam of Macy, and her summary of findings were of an, "adult female intact, grey with white, full breed mix, with cropped ears, mature mammary glands, normal body condition, and some dirt in the fur coat." See Exhibit 3, pp. 26-27:22-3.

20. At the March 16, 2018 hearing, the Circuit Court denied the State's petition to forfeit Macy and ordered Macy returned to Plaintiff , subject to payment of reasonable costs for care to date. See Exhibit 3, pp. 44-45.

21. On March 16, 2018, Plaintiff redeemed Macy from Animal Care and Control for $369.00.

22. On April 18, 2018, the case was set for a bench trial in the Circuit Court of Cook County before the Honorable Judge Kuzas. See Exhibit 4, 4/18/18 Transcript of Proceedings.

23. At the trial, Defendant Rittorno conceded she had withheld photographic evidence from discovery, which was produced in court that day. Upon information and belief, Defendant Rittorno felt no obligation to turn over all of the evidence in her possession. Upon information and belief, Defendant Rittorno unlawfully withheld evidence from the criminal proceeding.

24. The parties stipulated to the previous testimony offered by the State in the March 16, 2018, hearing. See Exhibit 4, p. 3:3-19. The State offered additional testimony from Defendant Rittorno, in part to admit the newly produced evidence. See Exhibit 4, pp. 8-13.

25. The April 18, 2018, testimony of Defendant Rittorno was also inaccurate. However, even assuming the truth of Defendant Rittorno's testimony on April 18, 2018, the testimony does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense. See Exhibit 4, pp. 8-13.

26. After reviewing the facts of the case, Judge Kuzas granted Mr. Neita's motion for a directed finding, meaning the State had failed to set forth prima facie evidence of Plaintiff's guilt of any offense. See Exhibit 4, pp. 17-18. The Court ruled, verbatim, as follows:

> Okay. I have had an opportunity in the light most favorable to the State [sic] consider the evidence that's before me. I see that there is a structure. *I do not believe anywhere in the statute or case law that it's required to be two inches off the ground,* and People's Number 2, I see that the leash or the tethering instrument was long enough for the dog to get in and out of the dog house.
>
> That the dog house, there is a photograph that there is a heater inside the dog house. There is a bowl. I can't tell if there is anything in the bowl or not, however, even in a light most favorable to the State and the fact that the veterinarian has testified that the dog was intact and healthy at the time that it was given a physical examination, there will be a finding of not guilty.
>
> Id. (emphasis added).

27.     This result was occassioned by the factual basis of the criminal charges that Plaintiff failed to keep his dog house at least two inches off the ground, despite the absence of any legal requirement that he do so.

28.     The dismissal of Mr. Neita's criminal charges on April 18, 2018, was indicative of and consistent with Plaintiff's innocence of the charges.

29.     On March 16, 2018, Defendant Rittorno effectively conceded that she knew the failure to keep a doghouse at least two inches off the ground was not a violation of the Illinois statute she caused him to be charged with.  See Exhibit 3, p. 19 ("Q: Right, but the point is, according to the criminal complaint you filed and signed under oath, he's charged with not having a doghouse that's at least 2 inches off the ground, correct?  A: Correct. . . . Q: Okay.  You are aware that under the Animal Cruelty Statute it is not a violation of it to have a dog home that is on the ground in the City of Chicago.  A. Okay.").

30.     The failure to maintain a dog house at least two inches off the ground is not a violation of any statute in the City of Chicago or in the State of Illinois.

31.     The material facts relied on by the Defendants to support probable cause to arrest Plaintiff, to seize Macy, and to prosecute Plaintiff are set forth in: (a) the Exhibit 1 Incident Narrative Section under the heading, "the facts for probable cause to arrest AND to substantiate the charges;" (b) in the Exhibit 2 Supplementary Report; (c) in the Exhibit 3 March 2018 Hearing Transcript; and/or (d) in the Exhibit 4 April 2018 Trial Transcript.

32.     Upon information and belief, the above described prosecution was maliciously pursued because Plaintif had sued the City of Chicago, certain Chicago Police Officers, and then director of Animal Care and Control for the City of Chicago for wrongful arrest and prosecution in federal court that settled in 2017 under case number 14-cv-1107.

6

33. On or around the date of Plaintiff's arrest, the individual Defendants reached an agreement to illegally seize Macy, falsely arrest the Plaintiff, and maliciously prosecute Plaintiff on false charges that they knew were without probable cause or other lawful basis.

34. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including the incursion of $12,500 in legal fees ($2500 for the forfeiture and $10,000 for the bench trial), loss of his freedom during the arrest and prosecution, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, expenses related to the seizure of Macy, harm to his personal and professional reputation, and emotional and psychological distress.

### COUNT I: 42 U.S.C. § 1983 - False Arrest
### Against Defendants Rittorno and Enriquez

35. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

36. The actions of the Defendants, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other lawful justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourteenth and Eighth Amendment.

37. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer great pain, anguish, despair, and the loss of his liberty.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT II: 42 U.S.C. § 1983 – Illegal Search and Seizure
### Against Defendants Rittorno, Enriquez, and Franco

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

39. The searches and seizures of Plaintiff's person incident to arrest and property performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

40. The seizure of Macy without probable cause or any other lawful basis violated Plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures and 42 U.S.C. § 1983.

41. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: 42 U.S.C. § 1983 – Malicious Prosecution
**Against Defendants Rittorno and Enriquez**

42. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

43. Plaintiff's prosecution on charges without probable cause amounted to an unreasonable seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983.

44. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and

humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights
### Against Defendants Rittorno, Enriquez, and Franco

45. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

46. As described more fully above, the Defendants reached an agreement amongst themselves to seize Macy and frame Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

47. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

48. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

49. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, attorney's fees, and a deprivation of his liberty, as is more fully alleged above.

50. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT V: 42 U.S.C. § 1983 – Retaliation
### Against Defendants Rittorno, Enriquez, and Franco

51. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

52. Defendants acted willfully and jointly with each other to deprive Plaintiff of his constitutional rights, including, but not limited to, the First Amendment right to free speech and to petition the government for a redress of his grievances.

53. Plaintiff exercised his right to free speech and to petition the government for a redress of his grievances when he participated in a civil rights lawsuit against the City of Chicago and Director of Animal Care and Control under case number 14-cv-1107 in the Northern District of Illinois.

54. Plaintiff also exercised his right to free speech when he requested the presence of a police supervisor on the date of his arrest.

55. The right to free speech and to petition the government for a redress of grievances is a constitutionally protected activity.

56. In retaliation for Plaintiff's exercise of his First Amendment rights, Defendants caused Plaintiff to be unlawfully arrested and unlawfully charged for crimes Defendants knew Plaintiff did not commit.

57. Falsely arresting and unlawfully charging a citizen for exercising their constitutional rights will deter others from taking part in this protected activity.

58. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including but not limited to embarrassment, humiliation, the deprivation of his constitutional rights and his dignity, attorneys' fees, and emotional distress.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VI: 42 U.S.C. § 1983 – Failure to Intervene
**Against Defendant Officers**

59. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

60. The actions of the Defendant Officers constituted an unreasonable search and seizure of the Plaintiff's person and property under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

61. On or about February 7, 2018, Defendants failed to intervene in the misconduct of each other when Defendants unreasonably seized Macy and searched and seized Plaintiff's person and property in the absence of probable cause or any other lawful basis.

62. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands judgment against Defendant Officer for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT VII: 745 ILCS 10/9-102 - Indemnification
**Against Defendant City of Chicago**

63. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

64. Defendant City Of Chicago is the employer of Defendants Rittorno, Enriquez, and Franco.

65. Defendants Rittorno, Enriquez, and Franco committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should any Defendant be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City Of Chicago be found liable for any judgment plaintiff obtains against said defendant, as well as attorneys fees and costs awarded.

### COUNT VIII: Malicious Prosecution
### Against Defendants Rittorno and Enriquez

66. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

67. By the actions detailed above, the Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

68. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

69. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, attorneys' fees, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IX: Intentional Infliction of Emotional Distress
### Against All Defendants

70. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

71. The conduct by defendants described herein was extreme and outrageous, exceeding all bounds of human decency.

72. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

73. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

74. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of in the employ of defendant City, and while acting within the scope of this employment.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                              Respectfully submitted,

                                              VAUGHN NEITA

                                   By: /s/ Jared S. Kosoglad_____
                                              One of Plaintiff's Attorneys

                                              Jared S. Kosoglad
                                              JARED S. KOSOGLAD, P.C.
                                              223 W Jackson Blvd.
                                              Suite 200
                                              Chicago, IL 60606
                                              Tel: 312-513-6000
                                              E: jared@jaredlaw.com