**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VAUGHN NEITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv- 00595 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS KAREN RITTORNO, Star #4473, | ) | Honorable Joan H. Lefkow |
| DOMINGO ENRIQUEZ, JR. Star #12794, | ) | |
| ANIMAL CARE AND CONTROL OFFICER | ) | Magistrate Susan Cox |
| ARTURO FRANCO, Star #326, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S**
**COMPLAINT, AFFIRMATIVE DEFENSEES, AND JURY DEMAND**

Defendant Chicago Police Officers Karen Rittorno, and Domingo Enriquez Jr., and Animal Care and Control Officer Arturo Franco, by and through one of their attorneys, Emily E. Dory, Assistant Corporation Counsel III, for Defendant Officers' Answer to Plaintiff's Complaint, Affirmative Defenses, and Jury Demand, state as follows:

## INTRODUCTION

1. This is a civil action seeking damages against the Defendants for committing acts under color of law, and depriving the Plaintiff of his rights as secured by the Constitution, laws of the United States, and the State of Illinois.

**ANSWER**: **Defendants, upon information and belief, admit Plaintiff alleges that this action arises under Plaintiff's rights as "secured by the Constitution, laws of the United States, and the State of Illinois." Defendants further admit that this is a civil action seeking damages against the Defendants for alleged acts Defendants committed under the color of law. Answering further, Defendants deny any allegations of wrongdoing in this paragraph.**

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

**ANSWER**: **Defendants admit jurisdiction is proper.**

## PARTIES

3. PLAINTIFF VAUGHN NEITA is a citizen of the United States of America, who currently resides in Chicago, Cook County, Illinois.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

4. DEFENDANTS CHICAGO POLICE OFFICERS KAREN RITTORNO, Star #4473, and DOMINGO ENRIQUEZ, JR., Star #12794, were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

**ANSWER**: **Defendants deny they "engaged in the conduct complained of" by Plaintiff but admit the remaining allegations in this paragraph and further deny any allegations of wrongdoing.**

5. DEFENDANT ANIMAL CARE AND CONTROL OFFICER ARTURO FRANCO, Star #326, was, at the time of this occurrence, a duly authorized agent of the City of Chicago's Department of Animal Care and Control. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

**ANSWER**: **Defendants deny that they "engaged in the conduct complaint of" by Plaintiff but admit the remaining allegations in this paragraph and further deny any allegations of wrongdoing.**

## FACTS

6. On February 4, 2018, at about 8:38 p.m. Animal Care and Control (ACC) Agent Andreas Morgen emailed Defendant Karen Rittorno requesting an investigation into the treatment of a dog at 413 N. Central Park. Officer Rittorno indicated to the effect that she would check it out the next day, and Agent Morgen indicated an expression of thanks.

**ANSWER**: **Defendants admit the allegations in this paragraph.**

7. On February 7, 2018, Defendants Rittorno and Enriquez went to 413 N. Central Park Blvd. in Chicago, Illinois, and observed Plaintiff's pet dog, hereinafter referred to as Macy. Macy presented in an unremarkable condition and in good health. Defendants seized Macy without probable cause or any other lawful basis.

**ANSWER**: **Defendants admit that on February 7, 2019, Defendants Rittorno and Enriquez went to 413 N. Central Park Blvd., in Chicago, Illinois, in order to investigate the well-being of an animal at the property. Defendants further admit that they observed a dog present at the location at that time. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the health of the dog they encountered. Defendants deny all remaining allegations in this paragraph, and deny any allegations of wrongdoing.**

8. At the moment Defendants arrived and seized Macy, Mr. Neita was not present at 413 N. Central Park Blvd.

**ANSWER**: **Defendants admit that Plaintiff was not present at 413 N. Central Park Blvd at the time the dog was seized.**

9. Mr. Neita arrived while the defendants were still present at the scene and requested that the police release his pet into his custody. Defendants refused, still without any legal basis for seizing Macy in the first place.

**ANSWER**: **Defendants admit that Plaintiff arrived on scene while the Defendants were present. Defendants deny the remaining allegations contained in this paragraph and deny any allegations of wrongdoing.**

10. Mr. Neita telephoned his sister, a Chicago Police Officer, who advised Mr. Neita to request that the officers call for their supervisor.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

11. When Mr. Neita made that request, Defendant Rittorno advised Mr. Neita that they had no supervisor. Mr. Neita's sister advised that she would call for a supervisor herself. Defendant Rittorno then called for a supervisor and immediately thereafter Defendants Rittorno and Enriquez placed Plaintiff under arrest.

**ANSWER**: **Defendants admit that Plaintiff requested a supervisor come to the scene, and admit that the Defendants called for a supervisor. Defendants further admit that Defendants Rittorno and Enriquez placed Plaintiff under arrest. Defendants deny the remaining allegations contained in this paragraph and deny any allegations of wrongdoing.**

12. The arrest of Plaintiff by Defendants Rittorno and Enriquez was made without probable cause or any other legal basis.

**ANSWER**: **Defendants deny the allegations in this paragraph.**

13. Defendant Franco, as part of a joint unlawful effort with Defendants Rittorno and Enriquez, or, in the alternative, at the direction of Defendants Rittorno and Enriquez, took possession of Macy and seized Macy without probable cause or any other lawful basis.

**ANSWER**: **Defendants admit that they took possession of the dog. Defendants deny all remaining allegations and any allegations of wrongdoing contained in this paragraph.**

14. On February 7, 2018, Defendants Rittorno and Enriquez, Jr. submitted an arrest report, attached hereto as Exhibit 1. While the Exhibit 1 report contains an inaccurate narrative of events on page 2, the "Incident Narrative" section purports to provide, "the facts for probable cause to arrest AND to substantiate the charges." The page 2 "Incident Narrative" section, even assuming the truth of the narrative for the sake of argument, does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense.

**ANSWER**: **Defendants Rittorno and Enriquez admit they submitted an arrest report regarding the underlying incident. Defendant Franco admits upon information and belief, that Defendants Rittorno and Enriquez submitted an arrest report. Defendants deny the remaining allegations in this paragraph.**

15. Defendants Rittorno, Enriquez, and Franco caused Plaintiff to be charged with animal cruelty and violation of owner's duties, despite the absence of probable cause to do so or any other lawful basis.

**ANSWER**: **Defendants Rittorno and Enriquez admit that they charged the Plaintiff with animal cruelty and violation of owner's duties. Defendant Franco lacks knowledge as the charges brought against Plaintiff. Defendants deny all remaining allegations in this paragraph and deny any allegations of wrongdoing.**

16. On February 20, 2018, Defendants Rittorno and Enriquez submited a "Gang Investigation Division Supplementary Report," attached hereto as Exhibit 2. While the Exhibit 2 report contains an inaccurate narrative of events on page 2, the "Summary of Investigation" narrative, assuming the truth of the narrative for the sake of argument, does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense.

**ANSWER**: **Defendants Rittorno and Enriquez admit they submitted a Gang Investigation Division Supplementary Report regarding the underlying incident. Defendant Franco admits upon information and belief, that Defendants Rittorno and Enriquez submitted a Gang Investigation Division Supplementary Report. Defendants deny the remaining allegations in this paragraph.**

17. On March 16, 2018, before Judge Robert Kuzas of the Circuit Court of Cook County, a hearing was held on motions by the prosecutors to require Plaintiff to post security and to forfeit Macy. Officer Rittorno and Dr. Lindsey Garner, a veterinarian from the City of Chicago's Animal Care and Control Unit, testified for the State at the March 16, 2018 hearing. See Exhibit 3, 3/16/18 Transcript.

**ANSWER**: **Defendants Enriquez and Franco, upon information and belief, admit that Defendant Rittorno testified before Judge Robert Kuzas on March 16, 2018 regarding the underlying incident. Defendant Rittorno admits that she testified before Judge Robert**

**Kuzas on March 16, 2018 regarding the underlying incident. Defendants lack knowledge as to the remaining allegations contained in this paragraph.**

18. While the testimony of Defendant Rittorno was inaccurate and untruthful, even if Defendant Rittorno's testimony were true for the sake of argument, the testimony does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense. See, Exhibit 3, pp. 5-22.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

19. Dr. Garner testified to the effect that she conducted a physical exam of Macy, and her summary of findings were of an, "adult female intact, grey with white, full breed mix, with cropped ears, mature mammary glands, normal body condition, and some dirt in the fur coat." See Exhibit 3, pp. 26-27:22-3.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

20. At the March 16, 2018 hearing, the Circuit Court denied the State's petition to forfeit Macy and ordered Macy returned to Plaintiff , subject to payment of reasonable costs for care to date. See Exhibit 3, pp. 44-45.

**ANSWER**: **Defendants, upon information and belief, admit the allegations contained in this paragraph.**

21. On March 16, 2018, Plaintiff redeemed Macy from Animal Care and Control for $369.00.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

22. On April 18, 2018, the case was set for a bench trial in the Circuit Court of Cook County before the Honorable Judge Kuzas. See Exhibit 4, 4/18/18 Transcript of Proceedings.

**ANSWER**: **Defendants, upon information and belief, admit the allegations contained in this paragraph.**

23. At the trial, Defendant Rittorno conceded she had withheld photographic evidence from discovery, which was produced in court that day. Upon information and belief, Defendant Rittorno felt no obligation to turn over all of the evidence in her possession. Upon information and belief, Defendant Rittorno unlawfully withheld evidence from the criminal proceeding.

**ANSWER**: **Defendants deny all allegations contained in this paragraph.**

24. The parties stipulated to the previous testimony offered by the State in the March 16, 2018, hearing. See Exhibit 4, p. 3:3-19. The State offered additional testimony from Defendant Rittorno, in part to admit the newly produced evidence. See Exhibit 4, pp. 8-13.

**ANSWER**: **Defendants admit the allegations contained in this paragraph.**

25. The April 18, 2018, testimony of Defendant Rittorno was also inaccurate. However, even assuming the truth of Defendant Rittorno's testimony on April 18, 2018, the testimony does not set forth facts that amount to probable cause to arrest or charge Plaintiff for a criminal offense. See Exhibit 4, pp. 8-13.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

26. After reviewing the facts of the case, Judge Kuzas granted Mr. Neita's motion for a directed finding, meaning the State had failed to set forth prima facie evidence of Plaintiff's guilt of any offense. See Exhibit 4, pp. 17-18. The Court ruled, verbatim, as follows:

> Okay. I have had an opportunity in the light most favorable to the State [sic] consider the evidence that's before me. I see that there is a structure. I do not believe anywhere in the statute or case law that it's required to be two inches off the ground, and People's Number 2, I see that the leash or the tethering instrument was long enough for the dog to get in and out of the dog house.
>
> That the dog house, there is a photograph that there is a heater inside the dog house. There is a bowl. I can't tell if there is anything in the bowl or not, however, even in a light most favorable to the State and the fact that the veterinarian has testified that the dog was intact and healthy at the time that it was given a physical examination, there will be a finding of not guilty.
>
> Id. (emphasis added).

**ANSWER**: **Defendants, upon information and belief, admit the allegations in this paragraph.**

27. This result was occassioned by the factual basis of the criminal charges that Plaintiff failed to keep his dog house at least two inches off the ground, despite the absence of any legal requirement that he do so.

**ANSWER**: **Defendants admit that Plaintiff failed to keep his dog house at least two inches off the ground. Defendants deny all remaining allegations contained in this paragraph and deny any allegations of wrongdoing contained in this paragraph.**

28. The dismissal of Mr. Neita's criminal charges on April 18, 2018, was indicative of and consistent with Plaintiff's innocence of the charges.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

29. On March 16, 2018, Defendant Rittorno effectively conceded that she knew the failure to keep a doghouse at least two inches off the ground was not a violation of the Illinois statute she caused him to be charged with. See Exhibit 3, p. 19 ("Q: Right, but the point is, according to the criminal complaint you filed and signed under oath, he's charged with not having a doghouse that's at least 2 inches off the ground, correct? A: Correct. . . . Q: Okay. You are aware that under the Animal Cruelty Statute it is not a violation of it to have a dog home that is on the ground in the City of Chicago. A. Okay.").

**ANSWER**: **Defendants deny the allegations contained in this paragraph and deny that these allegations accurately summarize the testimony provided in court on March 16, 2018.**

30. The failure to maintain a dog house at least two inches off the ground is not a violation of any statute in the City of Chicago or in the State of Illinois.

**ANSWER**: **Defendants deny that this paragraph accurately and entirely summarizes any City of Chicago ordinance or any law in the State of Illinois relating to animal abuse.**

31. The material facts relied on by the Defendants to support probable cause to arrest Plaintiff, to seize Macy, and to prosecute Plaintiff are set forth in: (a) the Exhibit 1 Incident Narrative Section under the heading, "the facts for probable cause to arrest AND to substantiate the charges;" (b) in the Exhibit 2 Supplementary Report; (c) in the Exhibit 3 March 2018 Hearing Transcript; and/or (d) in the Exhibit 4 April 2018 Trial Transcript.

**ANSWER**: **Defendants admit that the arrest report, which Plaintiff refers to as Exhibit 1, contains a narrative which explains some of the reasoning to support probable cause to arrest Plaintiff. Defendants deny that this paragraph accurately summarizes the support of probable cause to arrest Plaintiff.**

32. Upon information and belief, the above described prosecution was maliciously pursued because Plaintiff had sued the City of Chicago, certain Chicago Police Officers, and then director of Animal Care and Control for the City of Chicago for wrongful arrest and prosecution in federal court that settled in 2017 under case number 14-cv-1107.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

33. On or around the date of Plaintiff's arrest, the individual Defendants reached an agreement to illegally seize Macy, falsely arrest the Plaintiff, and maliciously prosecute Plaintiff on false charges that they knew were without probable cause or other lawful basis.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

34. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including the incursion of $12,500 in legal fees ($2500 for the forfeiture and $10,000 for the bench trial), loss of his freedom during the arrest and prosecution, humiliation, embarrassment, the deprivation of his constitutional rights and his dignity, lost time, expenses

related to the seizure of Macy, harm to his personal and professional reputation, and emotional and psychological distress.

**ANSWER**: **Defendants deny the allegations of wrongdoing in this paragraph.**

**COUNT I: 42 U.S.C. § 1983 - False Arrest**
**Against Defendants Rittorno and Enriquez**

35. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants reassert their respective answers contained in the preceding paragraphs 1-34 and incorporate their respective answers herein, as though fully stated.**

36. The actions of the Defendants, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other lawful justification, constituted deliberate indifference to Plaintiff's rights under the U.S. Constitution in violation of the Fourteenth and Eighth Amendment.

**ANSWER**: **Defendants Rittorno and Enriquez deny the allegations contained in this paragraph. Defendant Franco makes no answer as to this allegation as it is not directed at him.**

37. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer great pain, anguish, despair, and the loss of his liberty.

**ANSWER**: **Defendants Rittorno and Enriquez deny the allegations of wrongdoing in this paragraph. Defendant Franco makes no answer as to this allegation as it is not directed at him.**

**COUNT II: 42 U.S.C. § 1983 – Illegal Search and Seizure**
**Against Defendants Rittorno, Enriquez, and Franco**

38. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants reassert their respective answers contained in the preceding paragraphs 1-34 and incorporate their respective answers herein, as though fully stated.**

39. The searches and seizures of Plaintiff's person incident to arrest and property performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

40. The seizure of Macy without probable cause or any other lawful basis violated Plaintiff's Fourth Amendment right to be free of unreasonable searches and seizures and 42 U.S.C. § 1983.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

41. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER**: **Defendants deny the allegations of wrongdoing in this paragraph.**

**<u>COUNT III: 42 U.S.C. § 1983 – Malicious Prosecution</u>**
**Against Defendants Rittorno and Enriquez**

42. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants make no answer as Count III, because Count III was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

43. Plaintiff's prosecution on charges without probable cause amounted to an unreasonable seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983.

**ANSWER**: **Defendants make no answer as Count III, because Count III was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

44. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER**: **Defendants make no answer as Count III, because Count III was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

**<u>COUNT IV: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights Against</u>**
**Defendants Rittorno, Enriquez, and Franco**

45. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants reassert their respective answers contained in the preceding paragraphs 1-34 and incorporate their respective answers herein, as though fully stated.**

46. As described more fully above, the Defendants reached an agreement amongst themselves to seize Macy and frame Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

47. In this manner, the Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

48. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

49. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, attorney's fees, and a deprivation of his liberty, as is more fully alleged above.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

50. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of plaintiff and others.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

**COUNT V: 42 U.S.C. § 1983 – Retaliation**
**Against Defendants Rittorno, Enriquez, and Franco**

51. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants reassert their respective answers contained in the preceding paragraphs 1-34 and incorporate their respective answers herein, as though fully stated.**

52. Defendants acted willfully and jointly with each other to deprive Plaintiff of his constitutional rights, including, but not limited to, the First Amendment right to free speech and to petition the government for a redress of his grievances.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

53. Plaintiff exercised his right to free speech and to petition the government for a redress of his grievances when he participated in a civil rights lawsuit against the City of Chicago and Director of Animal Care and Control under case number 14-cv-1107 in the Northern District of Illinois.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.**

54. Plaintiff also exercised his right to free speech when he requested the presence of a police supervisor on the date of his arrest.

**ANSWER**: **Defendants admit the allegations contained in this paragraph.**

55. The right to free speech and to petition the government for a redress of grievances is a constitutionally protected activity.

**ANSWER**: **Defendants deny the allegations contained in this paragraph are a complete and accurate recitation of the rights protected by the First Amendment of the United States.**

56. In retaliation for Plaintiff's exercise of his First Amendment rights, Defendants caused Plaintiff to be unlawfully arrested and unlawfully charged for crimes Defendants knew Plaintiff did not commit.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

57. Falsely arresting and unlawfully charging a citizen for exercising their constitutional rights will deter others from taking part in this protected activity.

**ANSWER**: **Defendants deny the allegations contained in this paragraph and deny any allegations of wrongdoing in this paragraph.**

58. As a direct and proximate result of the malicious actions of Defendants, Plaintiff was injured, including but not limited to embarrassment, humiliation, the deprivation of his constitutional rights and his dignity, attorneys' fees, and emotional distress.

**ANSWER**: **Defendants deny the allegations of wrongdoing in this paragraph.**

**<u>COUNT VI: 42 U.S.C. § 1983 – Failure to Intervene</u>**
**Against Defendant Officers**

59. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants reassert their respective answers contained in the preceding paragraphs 1-34 and incorporate their respective answers herein, as though fully stated.**

60. The actions of the Defendant Officers constituted an unreasonable search and seizure of the Plaintiff's person and property under the Fourth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

61. On or about February 7, 2018, Defendants failed to intervene in the misconduct of each other when Defendants unreasonably seized Macy and searched and seized Plaintiff's person and property in the absence of probable cause or any other lawful basis.

**ANSWER**: **Defendants deny the allegations contained in this paragraph.**

62. As a proximate result of the above-detailed actions of Defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER**: **Defendants deny the allegations contained in this paragraph and deny any allegations of wrongdoing.**

**COUNT VII: 745 ILCS 10/9-102 - Indemnification**
**Against Defendant City of Chicago**

63. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants make no answer as Count VII, because Count VI is directed against Defendant City of Chicago.**

64. Defendant City Of Chicago is the employer of Defendants Rittorno, Enriquez, and Franco.

**ANSWER**: **Defendants make no answer as Count VII, because Count VI is directed against Defendant City of Chicago.**

65. Defendants Rittorno, Enriquez, and Franco committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER**: **Defendants make no answer as Count VII, because Count VI is directed against Defendant City of Chicago.**

**COUNT VIII: Malicious Prosecution**
**Against Defendants Rittorno and Enriquez**

66. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants reassert their respective answers contained in the preceding paragraphs 1-34 and incorporate their respective answers herein, as though fully stated.**

67. By the actions detailed above, the Defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER**: **Defendants Rittorno and Enriquez deny the allegations contained in this paragraph. Defendant Franco makes no answer as to this allegation as it is not directed at him.**

68. Defendant City of Chicago is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendants performed the actions complained of while on duty and/or in the employ of Defendant City of Chicago, and while acting within the scope of this employment.

**ANSWER**: **Defendants admit that they were acting under the color of law and within the scope of their employment with the Chicago Police Department in the underlying incident. Defendants deny any allegations of wrongdoing contained in this paragraph, and further make no answer to any portions of this paragraph that relate to Defendant City of Chicago. Further, Defendant Franco makes no answer as to this allegation as it is not directed at him.**

69. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, attorneys' fees, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER**: **Defendants Rittorno and Enriquez deny the allegations contained in this paragraph. Defendant Franco makes no answer as to this allegation as it is not directed at him.**

**COUNT IX: Intentional Infliction of Emotional Distress**
**Against All Defendants**

70. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendants make no answer as Count IX, because Count IX was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

71. The conduct by defendants described herein was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER**: **Defendants make no answer as Count IX, because Count IX was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

72. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER**: **Defendants make no answer as Count IX, because Count IX was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

73. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system.

**ANSWER**: **Defendants make no answer as Count IX, because Count IX was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

74. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of in the employ of defendant City, and while acting within the scope of this employment.

**ANSWER**: **Defendants make no answer as Count IX, because Count IX was dismissed pursuant to the Court's Order on November 1, 2019. *See* ECF Dkt. No. 28.**

**AFFIRMATIVE DEFENSES**

1. At all times relevant to Plaintiff's Complaint, Defendants Franco, Rittorno, and Enriquez were government officials, namely police officers and an animal control officer, who were performing discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed his or her actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. The Defendants Franco, Rittorno, and Enriquez cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in the alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. Any award of damages against the individual Defendants Franco, Rittorno, and Enriquez, shall be reduced in proportion to the comparative fault of Plaintiff's own acts or omissions, including but not limited to his or her own negligent, intentional, or willful and wanton conduct which proximately caused the claimed injuries and damages. In addition, at the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (2015) was in effect. This statute reduces a plaintiff's recovery according to his or her contributory negligence and bars his or her recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

4. To the extent Plaintiff failed to mitigate any of his or her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his or her claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

5. To the extent Plaintiff pleads a Section 1983 claim against supervisors in their individual or official capacity, Plaintiff fails to allege personal conduct which amounts to the violation of Plaintiff's civil rights. It is a fundamental principle that individual liability must be based on personal responsibility for claims under 42 U.S.C. § 1983. *Backes v.*

*Vill. of Peoria Heights, Ill.*, 662 F.3d 866, 869 (7th Cir. 2011) (holding if a Plaintiff was "not personally responsible for the conduct at issue in this case, the § 1983 claim against him must fail."); *see Alejo v. Heller*, 382 F.3d 930, 936 (7th Cir. 2003); see *Jones v. City of Chicag*o, 856 F.2d 985, 992 (7th Cir. 1988) (same); *see Suber v. City of Chicago,* No. 10 C 2876, 2011 WL 1706156, at *5 (N.D. Ill. May 5, 2011). Supervisory employees do not generally incur vicarious liability for the misconduct of their subordinates. *See Ashcroft v. Iqbal,* 556 U.S. 662, 666-677 (2009). To be liable, "supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes*, 662 F.3d at 870. "Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable, because negligence is no longer culpable under section 1983." *Jones*, 856 F.2d at 992. Gross negligence is not enough either. *Id*. Additionally, if a plaintiff claims that a supervisor's omissions caused the violation, he or she must also demonstrate that the supervisor had an opportunity to intervene but failed to do so. *Lanigan v. Village of Hazel Crest*, 110 F.3d 467, 477-78 (7th Cir. 1997).

6. Defendants Franco, Rittorno, and Enriquez are entitled to absolute immunity for their testimony at hearings. *See Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir.1995) ("[The police officer defendant] is entitled to absolute immunity ... for his testimony at both the preliminary hearing and the hearing on [plaintiff's] motion to quash arrest and suppress evidence.")

7. As to Plaintiffs' state law claims, Defendants Franco, Rittorno, and Enriquez are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke,* 76 Ill. 2d 154, 166 (1979) (citations omitted); *Miller v. Pollution Control Board*, 267 Ill. App.3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

8. As to Plaintiff's state law claims, a public employee, acting within the scope of his employment is not liable for any injury caused by the act or omission or another person. 745 ILCS 10/2-204. Defendants Franco, Rittorno, and Enriquez are public employees, who at all times material to the events alleged in Plaintiffs' Complaint, acted within the scope of their employment and are therefore not liable for the acts or omissions of other people.

9. As to Plaintiffs' state law claims, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Willful and wanton conduct is "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety or others or their property." 745 ILCS 10/1-210. Thus, because Defendants Franco, Rittorno, and Enriquez are public employees and their acts and/or omissions rendered at all times

material to the events alleged in Plaintiff's Complaint were neither willful nor wanton, Defendants Franco, Rittorno, and Enriquez cannot be held liable.

10. As to Plaintiffs' state law claims, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for any injury resulting from his act or omission in determining policy when acting in the exercise of such discretion, even if abused. 745 ILCS 10/2-201. Defendants Franco, Rittorno, and Enriquez are not liable for any of the claims alleged because their decisions regarding their investigation, as public employees and based upon the information and circumstances known to them at the time, were decisions that involved the determinations of policy and the exercise of discretion for which they are immune from liability.

**JURY DEMAND**

Defendants respectfully demand a trial by jury for all issues so triable.

**Dated: November 15, 2018**

Respectfully submitted,

*/s/ Emily E. Dory*
EMILY E. DORY
Assistant Corporation Counsel III

JESSICA GRIFF, Assistant Corporation Counsel Supervisor
GREGORY BECK, Assistant Corporation Counsel III
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
Phone: (312) 742-6423
Fax: (312) 744-6566
Emily.Dory@cityofchicago.org
***Counsel for Defendant Officers***

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VAUGHN NEITA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv- 00595 |
| | ) | |
| CITY OF CHICAGO, CHICAGO POLICE | ) | |
| OFFICERS KAREN RITTORNO, Star #4473, | ) | Honorable Joan H. Lefkow |
| DOMINGO ENRIQUEZ, JR. Star #12794, | ) | |
| ANIMAL CARE AND CONTROL OFFICER | ) | Magistrate Susan Cox |
| ARTURO FRANCO, Star #326, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Jared S. Kosoglad
JARED S. KOSOGLAD, P.C.
223 W Jackson Blvd.
Suite 200
Chicago, IL 60606

**PLEASE TAKE NOTICE** that on this 15th day of November 2019, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S COMPLAINT**, **AFFIRMATIVE DEFENSES AND JURY DEMAND** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 15th day of November 2019.

Respectfully Submitted,

By: *<u>/s/ Emily E. Dory</u>*
Emily E. Dory
Assistant Corporation Counsel III