UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VAUGHN NEITA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-cv-00595 |
| | ) | |
| v. | ) | Judge Lefkow |
| | ) | |
| THE CITY OF CHICAGO et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' BILL OF COSTS**

Plaintiff Vaughn Neita, through counsel, respectfully opposes Defendants' Bill of Costs. In support thereof, Plaintiff states as follows:

As the prevailing party, Defendants' filed a bill of costs in this matter seeking $22,133.66. Dkt. 169. Defendants also filed an "Itemization For Defendants' Bill of Costs," Dkt. 169-1, and a series of invoices as Exhibit 2, Dkt. 169-2. Defendants' bill of costs should be denied.

"Taxing costs against the non-prevailing party requires two inquiries – whether the cost is recoverable and whether the amount assessed is reasonable." *Nwoke v. University of Chicago Medical Center*, 2020 WL 7350626 at *1 (N.D.Ill. Nov. 16, 2020) (citation omitted). The "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Id.* (citing *Trs. Of Chi. Plastering Inst. Penson Tr. V. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009)). While Rule 54(d)(1) creates a presumption in favor of awarding costs, "[p]rovided the prevailing party succeeds in carrying its burden," the district court retains "discretion to decide whether an award of costs is appropriate." *Nwoke*, 2020 WL at *1

1

(citing *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 666 (7th Cir. 2014); *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2016)).

Defendants did not meet the burden to show that their requested costs were necessarily incurred and reasonable. Even if they did, the court should exercise discretion to deny costs on account of misconduct by defendants and their counsel throughout the litigation, and even if their actions can be construed as something other than misconduct, their own litigation choices significantly drove up the cost of litigation. Finally, Plaintiff submits that certain costs are not recoverable under 28 U.S.C. § 1920.

## I. **Defendant Did Not Meet Their Burden**

Defendants did not meet their burden to show that their costs were necessarily incurred or reasonable. Defendants were required "to provide the best breakdown obtainable from the retained records." *Northbrook Express and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991)(citing *Levka v. City of Chicago*, 107 F.R.D. 230, 231 (N.D.Ill. 1985)). While the bill of costs should not contain "a description so detailed as to make it impossible economically," to recover costs, in this case Defendants "breakdown" of their costs renders an understanding of whether they were necessary or reasonable impossible.

Just as the requirement that submissions not be too specific so as to render recover uneconomical, so too, submissions must be specific enough so that objections can be lodged and ruled upon. Here, the itemizations provided, Dkt. 169-1, do not reference or correlate to the invoices, Dkt. 169-2, in any manner, so it is not clear what invoices were provided, how they relate to the itemization, and whether and to what extent invoices were reasonable and necessary to the litigation. A party that burdens their opponent or the Court to spend time to organize their bill of costs, hunt through their documentation to understand it, and make objections thereto, does not

carry its burden to show its claimed costs were reasonable and necessary. Their burden is not met here, and the Court should deny costs.

Defendants' Exhibit 1, begins with an itemization of the bill of costs by category, and then attempts to itemize those categories even further. *See* Dkt. 169-1, p. 3.

TOTALS

| Description | Amount |
|---|---:|
| Fees for Service of Subpoenas | $2,665.48 |
| Fees for Printed or Electoniclly [sic] Recorded Transcripts & Depositions | $9,170.95 |
| Fees For Witnesses | $98.00 |
| Fees for Exemplification and Copies of Papers Used in Discovery | $9,604.45 |
| Other | $594.78 |
| **TOTAL OF ALL SECTIONS** | **$22,133.66** |

A. **Fees For Service of Subpoenas (Dkt. 169-1, p. 4)**

| Deponent | Subpoena Type | Check Amount | Allowable Charge for Basic Service | Mileage Charge | Rush Fee | Second Paper Fee | Call Back Fees | Waiting Time Fee | Total Amount Recoverable |
|---|---|---:|---:|---:|---:|---:|---:|---:|---:|
| Michelle A. Neita | Deposition | $40.00 | $0.00 | $39.93 | $0.00 | $0.00 | $0.00 | $314.00 | $393.93 |
| A Figueroa & C Westbrook | Depositions | $100.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $979.00 | $1,079.00 |
| Illinois Secretary of State | Documents | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $190.00 |
| Carl Westbrook (2) | Deposition | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $247.00 | $247.00 |
| Ana Figueroa (2) | Deposition | $40.00 | $0.00 | $17.55 | $0.00 | $0.00 | $0.00 | $174.00 | $231.55 |
| A Alspaugh & L Ward (1) | Depositions | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $378.00 | $378.00 |
| A Alspaugh & L Ward (2) | Depositions | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $336.00 | $336.00 |
| **TOTAL COST** | | **$180.00** | **$0.00** | **$57.48** | **$0.00** | **$0.00** | **$0.00** | **$2,428.00** | **$2,665.48** |

Defendants claim they spent $2,665.48 to serve subpoenas. In support thereof, Defendants itemize that they wrote checks for $180.00. They incurred waiting time fees of $2,428.00. Defendants have failed to carry their burden to show that any of these costs were reasonable or necessary, and several should be denied because Plaintiff can show that they were neither reasonable nor necessary.

3

The prevailing party can recover "service costs that do not exceed the marshal's fees, no matter who actually effected service." *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The City of Chicago is well aware that the recovery of fees for service of subpoena is limited. *See e.g. Mason v. City of Chicago*, 2007 WL 9809244 at *2 (N.D.Ill. Mar. 30, 2007) (reducing fees for service of subpoenas to $40/hour. In *Dunn v. Rice,* 2007 WL 924027 at *3 (N.D.Ill. Mar. 26, 2007), the Court allowed the recovery of fees for service of subpoenas to seventeen deponents at the rate of $20 per deponent.

By contrast, Defendants did not produce one iota of information to show how their rates for services of subpoenas were reasonable or necessary. *See Fait v. Hummel*, 2002 WL 31433424 at *3 (N.D.Ill. 2002)(awarding minimum of $45 per subpoena where City attorneys failed to supply invoices with information to determine rates). The invoices attached do not explain the rates charge, prohibiting an examination of whether the rates were reasonable or necessary. 28 U.S.C. § 1920 does not have a category of costs for waiting time fees incurred by Defendants, whatever they might be. In fact, *none of the amounts* claimed in this section appear to be reasonable and some appear to be for expenses unrelated to the service of subpoenas. Plaintiff is not required to scour the records to understand why it was reasonable and necessary for Defendants to spend over $1000 to serve Figueroa and Westbrook, who were both evidently served with a subpoena twice. Some of the invoices appear to show that the services are rushed, with no explanation provided, except that Plaintiff is aware that Defendant's own untimeliness in discovery led to their hurried approach to depose certain witnesses. *See* Dkt. 114 (permitting Defendants' untimely depositions as harmless under Rule 37).

Moreover, even setting aside the burden, the claimed costs were not reasonable. It should not have cost $190.00 to serve the secretary of state, and to the extent it did, the records were not

4

reasonably related to the litigation, in any event. Nor is it clear why Defendants served Michelle Neita at all, Plaintiff's wife, who Plaintiff offered to produce for deposition voluntarily, and do not explain why or to what extent A Alspaugh and L Ward were served with subpoenas twice, where Defendants voluntarily withdrew their untimely effort to depose them. *See* Pl.'s Ex. 1, 9.29.21 Email from defense counsel.

In fact, the fact that Defendants continued their effort to take depositions after repeatedly advising the court that their discovery was complete shows that Defendants lacked any sense of duty to comply with relevant rules. For example, counsel for Defendants claimed in the litigation that they had no obligation under the rules to provide copies of issued subpoenas for depositions or communications sent to witnesses by them, creating the appearance that the subpoena power was used to facilitate witness interviews never disclosed. *See* Pl's Ex. 2, 9.28.21 Email. Plaintiff's counsel never received copies of subpoenas issued to Alspaugh and Ward, defense counsel refused to supplement discovery by disclosing conversations to third party witnesses, and there is, of course, no way to know whether and to what extent the defense is complying with the rules when the defense is not transparent about how the subpoena power is being used. These costs should be denied.

**B. Fees For Exemplification and Copies of Papers Used In Discovery (Dkt. 169-1, p. 7)**

| Date | Court / Invoice # | Description | Pages in Document | # of copies | per page amount | Total Amount |
|---|---|---|---|---|---|---|
| 7/16/2021 | Invoice #4479 | 4Discovery, LLC (Computer forensics and electronic discovery) | | | | $1,925.00 |
| 7/23/2021 | Invoice #4501 | 4Discovery, LLC | | | | $5,600.00 |
| 7/30/2021 | Invoice #4517 | 4Discovery, LLC | | | | $2,025.00 |
| 8/30/2021 | 14M1714415 | Circuit Court of Cook County - court file | 187 | 1 | $0.15 | $28.05 |
| 8/30/2021 | 17M1712721 | Circuit Court of Cook County - court file | 45 | 1 | $0.15 | $6.75 |
| 8/30/2021 | 14OP 73617 | Circuit Court of Cook County - court file | 10 | 1 | $0.15 | $1.50 |
| 8/30/2021 | 17OP 77083 | Circuit Court of Cook County - court file | 121 | 1 | $0.15 | $18.15 |
| | | **TOTAL AMOUNT** | | | | **$9,604.45** |

Defendants' request for $9,604.45 for fees for the exemplification of papers used in discovery should be denied. This request is, in and of itself, misconduct by the defense that warrants a denial of the entire bill of costs. Making a false certification to the Court should have consequences. Defendants have inadvertently disclosed several violations of the rules of discovery and have falsely certified to this Court that they incurred costs for the exemplification and copies of papers that were for other purposes and were, in some cases, not disclosed in discovery.

Defendants seek to recover for three invoices paid to 4 Discovery, LLC a total of $9550.00. Not one of these invoices was for the exemplification and copies of papers used in discovery, and no explanation accompanies Defendants' submission. Defendants submitted an expert report from 4 Discovery, LLC, *see* Ex. 4, Expert Report, and their invoices for computer forensics and the draft report are not recoverable under the bill of costs. *Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 801 F.2d 908, 911 (7th Cir. 1986). Steps in discovery that lead "up to the production of copies or materials," are not recoverable under Section 1920. *Johnson v. Allstate Ins. Co.*, 2012 WL 4936598 at * 6 (S.D.Ill. 2012) (processing electronically stored information and other services that lead to the discovery of records that wind up produced in discovery are not recoverable costs)(citing *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169-170 (3rd Cir. 2012)).

Defendants acknowledged that the Court "extended fact discovery to September 10, 2021, to accommodate Ms. Figueroa's deposition." Dkt. 122, p. 1. Yet, Defendants used that extension to copy numerous court files from other cases, on August 30, 2021, according to their bill of costs. Defendants submitted a supplement to discovery on September 13, 2021, that did not disclose any of these copies in discovery, despite the fact that certain cases related to the order of protection

obviously related to witness Ana Figueroa, who was in the process of being deposed at the time. *See* Ex. 3, Def.'s 9/13/21 Supplement.[1]

Finally, the 4 Discovery invoices and invoices related to the bill of costs give rise to numerous undisclosed efforts in discovery that were never claimed to be privileged, including documents shared by 4 Discovery LLC related to the Defendant Officer's concealment of electronic discovery (photos and emails) and various court files Defendants now seek reimbursement for. Their bill of costs should be denied in its entirety.

    C.    **Fees For Depositions Dkt. 169-1, pp. 5-6.**

While Defendants may recover the costs of deposition transcripts and deposition costs, Defendants make no effort to show that their transcripts were reasonably necessary for the defense of this case. The vast majority of the evidence adduced through discovery did not relate to probable cause for the arrest, but surrounded the malicious prosecution claim, over which Defendants did not prevail. The Court, at summary judgment, found concerning "Rittorno's apparent admission in her deposition that she perjured herself in an earlier proceeding," Dkt. 167, p. 8, and declined to decide the malicious prosecution claim. Dkt. 167, p. 13.

Thus, Defendants did not ever cite or use the depositions of Jasmine Jackson, Virginia Warnecke, Michael Walsh, Jr., Domingo Enriquez (2), Michael Wrobel, Michelle Neita, Ana Figueroa, Carl Westbrook, or Ana Figueroa (2). Defendants made insignificant references to the transcripts of Kovac, Graffeo, Daley, Tanya Neita, and Foster, who, for the most part, were cited in the statements of additional facts, mostly if not all one time, as cumulative support for other facts or were cited for matters totally unrelated to probable cause. *See e.g.,* Graffeo and Daley,

---

[1] The documents produced on September 13, 2021 were undisclosed complaint register files of the defendants, consistent with Plaintiff's complaint that Defendants did not produce records or make disclosures throughout the litigation that complied with the rules.

Dkt. 139, p. 5, Par. 25. Defendants made one statement about Tanya Neita that they could have relied on Plaintiff's deposition to prove. The use of the court transcripts, which Plaintiff had supplied copies of in discovery, had no bearing on any issue at summary judgment for Defendants, and the use of a transcript from this federal proceeding is unexplained (and was unnecessary).

Moreover, the Court declined to credit Rittorno's testimony in any manner, because of her perjury admission, Dkt. 139, p. 9, and the Court's statement of facts was almost entirely at odds with Defendants' version, because Defendants did not, for the most part, make any effort to view the facts in Plaintiff's favor. Accordingly, the Court should deny the bill of costs in its entirety because the Defendants have failed to meet their burden and, in any event, failed to make any effort to limit their recovery of costs to what is permitted under the rules.

### D. Fees For Other Costs Dkt. 169-1, p. 8.

Finally, Defendants' request for costs in the amount of $594.78 is unjustified. Those costs apparently relate to the cancellation of a deposition and videography of Figueroa's dep, neither of which was a reasonable or necessary expense in this matter, especially as it related to the part of the matter that Defendants prevailed on. These costs should be denied, as should the entire bill of costs.

### II. Misconduct Warrants the Denial of Costs

Finally, Plaintiff submits that misconduct of the Defendants on their way to victory warrants a denial of costs. "[A] district judge may deem an award of costs inappropriate – if the prevailing side engaged in misconduct on the way to victory." *Beam v. Hunter*, 494 Fed.Appx. 630, 632 (7th Cir. 2012)(citing *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003)).

While technically prevailing, Defendant Rittorno perjured herself, Dkt. 167 at p. 8, and defense counsel concealed material evidence, accepting as true Rittorno's claim that she told her

8

defense attorney about the video in the beginning of the litigation. Dkt. 167, p. 9.[2] At summary judgment, defense counsel argued numerous facts and circumstances without any evidentiary basis, advocating, for example, that the "officers also knew Neita had a history of animal abuse and that ACC had reported he was beating Macy." *See e.g.,* Dkt. 154, pp. 8-11. That defendants and then defense counsel mislead the Court, through their pleadings, and then Plaintiff, through their discovery answers and required disclosures, about the evidence and their claims related thereto, is misconduct that warrants a denial of costs. The parties litigated an entire summary judgment motion without important video evidence, for example. Adding to this, the revision of sworn testimony, failure to make required disclosures, and concealment of witnesses, all of which inflated the cost and expense of this litigation, warrants a denial of the Defendants' bill of costs. Moreover, defense counsel's false certifications that their costs were reasonable and necessary, knowing to the contrary that they were seeking unrecoverable expert witness fees under the guise of copying papers, warrant a denial of the bill of costs. The false certifications by defense counsel, much like the factual claims of their client, warrant a denial of the bill of costs.

WHEREFORE, Plaintiff respectfully requests that this Court deny the bill of costs, and for such other and further relief as this Court deems appropriate.
.

---

[2] The Court decided to credit Defendant Rittorno's claim that she told her civil attorney, Ms. Dory about the video and did not appear to address Ms. Dory's conflicting representation that "this week was the first time I was told by my client that an assisting unit on scene might have had body worn camera." Dkt. 154, p. 23 (citing Pl's Add. Facts, ¶40). Plaintiff submits a more reasonable interpretation of the circumstances is that Defendant Rittorno concealed the video from Cook County prosecutors and her own attorneys because she feared that evidence.

DATED: May 25, 2023

Respectfully submitted,

*/s/     Jared Kosoglad*
JARED S. KOSOGLAD
Jared S. Kosoglad P.C.
111 N. Wabash #3166
Chicago, Illinois 60602
jared@jaredlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned respectfully certifies that he served all counsel of record a copy of this pleading through the Court's electronic filing system.

*/s/     Jared Kosoglad*