## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VAUGHN NEITA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 595 |
| v. ) | |
| ) | Judge Joan H. Lefkow |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

After summary judgment was granted in favor of the City of Chicago in this case, final judgment was entered on March 28, 2023. (Dkt. 168.) The City has moved for costs in the amount of $22,133.66. (Dkt. 169.) Plaintiff Vaughn Neita has submitted objections to some of the costs requested. (Dkt. 176.) For the reasons set out below, costs will be allowed as modified.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Allowable costs are enumerated at 28 U.S.C. § 1920.[1] Although the decision

---

[1] "A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

to award costs is left to the discretion of the trial court, there is a "strong presumption" that the prevailing party will recover its costs under Rule 54(d). *Contreras* v. *City of Chi.*, 119 F.3d 1286, 1295 (7th Cir. 1997); *see also Northbrook Excess & Surplus Ins. Co.* v. *Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). In determining whether to award costs against the losing party, the court must determine "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske* v. *City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). The "party seeking an award of costs carries the burden of" making this showing. *Trs. of the Chi. Plastering Inst. Pension Tr.* v. *Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

## ANALYSIS

Neita objects to four categories of the City's itemized costs: (1) fees for summons and subpoenas; (2) fees for exemplification and copying; (3) fees for transcripts; and (4) certain miscellaneous other costs.

**A.     Fees for Summons and Subpoenas—28 U.S.C. § 1920(1).**

The City requests $2,665.48 for fees for service of subpoenas. Neita objects on the basis that the documentation does not reflect either the hourly rate of the process server or the time spent in effecting service. "When an invoice fails to reflect the time spent effectuating service, courts typically award costs for one hour." *Clarendon Nat'l Ins. Co.* v. *Medina*, No. 8 C 4245, 2010 WL 3526515, at *1 (N.D. Ill. Sept. 1, 2010) (citing cases). Remarkably, the City, a regular litigant in this court, acknowledges in its brief that time and rate are necessary (dkt. 181 at 4) yet has not

---

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

documented the process server's rates and time. There appear to be a total of 16 attempts at service[2] and "wait time." As such, the court applies the one-hour presumption for each documented visit at the agreed $65 hourly rate.

The City has not explained why it needed the testimony of witnesses Alspaugh and Ward, who apparently were never served. (Dkt. 122 at n.2). These attempts at service are not allowed.

Accordingly, the court allows $715 for 11 one-hour service fees, plus mileage of $57.48, in the total amount of $772.48.

**B.     Fees for Court Reporting and Transcripts—28 U.S.C. § 1920(2)**

Neita objects to the City's request for deposition transcript costs relating to the depositions of Jasmine Jackson, Virginia Warnecke, Michael Walsh, Jr., Domingo Enriquez, Michael Wrobel, Michelle Neita, Ana Figueroa, and Carl Westbrook, because their testimony was not cited in support of the motion for summary judgment, and references to the testimony of Andrew Kovac, Anthony Graffeo, Aaron Daley, Tanya Neita, and Mark Foster were "insignificant."[3]

"The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition." *Hakim* v. *Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1056 (N.D. Ill. 2012). *Merix Pharm. Corp.* v. *Clinical Supplies Mgmt., Inc.*, 106 F. Supp. 3d 927, 943 (N.D. Ill. 2015) ("A prevailing party can recover for transcripts under section 1920(2), including 'trial transcripts and transcripts from other court proceedings necessarily

---

[2] *See* dkt. 169 at 2-9. One visit was made in July for witness V. Neita (all dates were 2021); one for the Illinois Secretary of State in August; five in July for witnesses Figueroa and Westbrook; three in August for Westbrook; one in August for Figueroa; and five in September for Alspaugh and Ward.

[3] Plaintiff also argues that "the vast majority" of the discovery pertained to the malicious prosecution claim, on which the City did not prevail, implying that the court's "concern" about Officer Rittorno's credibility was the reason the court dismissed that claim without prejudice. The City moved for summary judgment on the malicious prosecution claim, which entailed establishing not only lack of probable cause, but also malice on the part of the defendants. The court relinquished jurisdiction over that claim solely because it dismissed the federal claim. See 28 U.S.C. § 1367.

obtained for use in the case.'") (quoting *Majeske*, 218 F.3d at 825). Costs may be awarded for deposition transcripts even if the witness's testimony was not ultimately used at trial, *Cengr* v. *Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998), or, as here, for a dispositive motion. *See Cage* v. *Harper*, No. 17-cv-7621, 2023 WL 3074354, at *7 (N.D. Ill. Apr. 25, 2023) ("[T]he introduction of a deposition in a summary judgment motion … is not a prerequisite for finding that it was necessary to take that deposition.") (quoting *Bagwe* v. *Sedgwick Claims Mgmt. Servs., Inc.*, No. 11 CV 2450, 2015 WL 351244, at *4 (N.D. Ill. Jan. 27, 2015)). Instead, the relevant costs may be taxed against the losing party for "depositions of persons likely to have information relevant to the claims and defenses of the parties." *Bagwe*, 2015 WL 351244, at *4 (citing *Cengr*, 135 F.3d at 455). At the same time, that a deposition was taken does not necessarily mean that a transcript was reasonably necessary. *See Wiley* v. *Oboikovitz*, No. 08 C 5316, 2011 WL 6019767, at *2 (N.D. Ill. Nov. 29, 2011) (allowing only court reporter's attendance fee where transcript was not reasonably necessary).

    Having reviewed the record, the court is persuaded that the deposition transcripts claimed were reasonably necessary. The principal issue was whether the condition in which Neita's dog Macy was found was such that probable cause supported the arrest. Neita does not dispute that witnesses Warnecke, Walsh, Wrobel, Michelle Neita, and Westbrook were identified in his Rule 26(a) disclosures as persons with knowledge, making it reasonable for Neita to depose them and for defendants to obtain transcripts. It was also reasonable to depose Domingo Enriquez and Arturo Franco because they were defendants in the case.[4] Tanya Neita, Vaughn Neita's sister, was involved because Vaughan called her during the encounter with defendants. Jasmine Jackson was the prosecuting attorney, making her assessment of probable cause relevant to the question of

---

[4] Franco was voluntarily dismissed on March 14, 2022. (Dkt. 134).

4

malice. Since Neita submitted her testimony in opposition to the City's motion for summary judgment, it would appear to have been relevant. Finally, a significant lapse in time between the deposition dates (ranging from October 2020 to July 2021) and the filing of the motion for summary judgment in April 2022, suggests that transcripts were necessary in order to winnow facts needed for preparation of the motion.

Neita objects to $122.28 related to cancellation of a deposition of witness Westbrook due to the witness's refusal to appear, to $472.50 related to a videographic deposition of Ana Figueroa, who is said to have been a neighbor and former girlfriend of Neita, and to the use of transcripts of court proceedings as having no bearing on the motion. Mr. Westbrook is said to have been a neighbor of Neita. The City justifies the video deposition of Ms. Figueroa as necessary to build a defense but does not explain why, unlike with other witnesses, a video deposition was needed. The magistrate judge supervising discovery, however, determined her testimony relevant and allowed the deposition.[5] There is nothing to indicate that Neita at the time objected to the more costly video deposition. This cost is allowed. The court declines to impose the cost of the Westbrook cancellation on Neita.

The City justifies obtaining copies of court files related to witness Figueroa to prepare for her deposition. This type of copying has been approved in other cases and is allowed here. *See*, *e.g.*, *SCA Servs., Inc.* v. *Lucky Stores*, 599 F.2d 178, 181 (7th Cir. 1979). The cost of a transcript for a hearing in this case ($36.50), however, is not explained and thus denied.

---

[5] *See* dkt. 114 ("First, the Court notes that Ms. Figueroa is likely to provide relevant information to this lawsuit (*e.g.*, information on Plaintiff's emotional damages, Plaintiff's treatment of his dog, and potentially the information supplied to the Chicago Police as part of the complaint made regarding the dog's treatment), and the burden of deposing Ms. Figueroa is low.").

The following table contains a summary of the transcript costs submitted:

| Transcripts | Amount requested | Amount allowed |
|---|---|---|
| V. Neita deposition | $ 811.75 | $ 811.75 |
| Enriquez deposition (2) | $1,091.35 | $1,091.35 |
| Rittorno deposition | $ 1,335.90 | $ 1,335.90 |
| T. Neita deposition | $ 320.10 | $ 320.10 |
| Jackson deposition | $ 368.65 | $ 368.65 |
| Franco deposition | $ 507.35 | $ 507.35 |
| Foster deposition | $ 324.85 | $ 324.85 |
| Warnecke deposition | $ 602.25 | $ 602.25 |
| Graffeo deposition | $ 339.45 | $ 339.45 |
| Walsh, Jr. deposition | $ 80.30 | $ 80.30 |
| Kovak deposition | $ 186.15 | $ 186.15 |
| Daly deposition | $ 131.40 | $ 131.40 |
| Wrobel deposition | $ 138.70 | $ 138.70 |
| Michelle Rhoden-Neita deposition | $ 469.75 | $ 469.75 |
| Figueroa depositions (2) | $1,205.95 | $ 1,205.95 |
| Westbrook deposition | $ 961.40 | $961.40 |
| State court hearing 2/8/18 | $ 18.25 | $ 18.25 |
| State court hearing 3/16/18 | $ 171.55 | $ 171.55 |
| State court hearing 4/18/18 | $69.35 | $ 69.35 |
| Federal court hearing 2/2/20 | $36.50 | $0 |
| **TOTALS** | **$9,170.95** | **$9,134.45** |

**C.	Fees for Exemplification and Copies—28 U.S.C. § 1920**

The City requests $9,604.45 for costs associated with exemplification, electronic discovery, and copying. Neita poses objections to each category of costs. The parties seem to agree that some costs of discovery of electronically stored information (ESI) are recoverable. So far, the Seventh Circuit has given little guidance in this arena. In *Hecker* v. *Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009), the court affirmed the district court's allowance of costs "for converting computer data into a readable format in response to plaintiffs' discovery requests." But *Hecker* does not delve into ESI in relation to § 1920(4).

*Johnson* v. *Allstate Ins. Co.*, No. 07-cv-781, 2012 WL 4936598, at *6–7 (S.D. Ill. Oct. 16, 2012)), acknowledged *Hecker* as stated above and turned to the more thorough discussion of ESI costs in *Race Tires America, Inc*. v. *Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012). It pointed out that "[w]hen it comes to data conversion and the creation of easily-searchable file

6

formats, the Seventh Circuit and Third Circuit are on the same page[.]" *Johnson*, 2012 WL 4936598, at *4. But the Third Circuit in *Race Tires America* identified five categories within the ESI discovery process: "collecting and preserving ESI; processing and indexing ESI; keyword searching of ESI for responsive and privileged documents; converting native files to [readable format]; and scanning paper documents to create electronic images." 674 F.3d at 167. It concluded, as relevant here, that only the scanning of hard copy documents and the conversion of native files to readable format were allowable costs. *Id.* at 171. The court explained:

> None of the steps that preceded the actual act of making copies in the pre-digital era would have been considered taxable. And that is because Congress did not authorize taxation of charges necessarily incurred to discharge discovery obligations. It allowed only for the taxation of the costs of making copies.

*Id.* at 169.

This court is satisfied that the City's request relating to ESI discovery is overly broad and mostly not equivalent to copying fairly embraced by § 1920(4). Activities such as collecting, logging in, and searching email accounts are not taxable.[6] Because the detail in the invoices is not a particularly good fit for the rule established here, the court directs the City to re-examine the costs attributable to exemplification and copying.

## CONCLUSION AND ORDER

The City's counsel shall by November 6, 2023 send to Neita's counsel a revised calculation of costs that is consistent with this decision. Counsel shall consult in a sincere effort to reach

---

[6] In addition, a number of entries on the invoices are obviously outside even the search process. Examples: "Review NDA and Sign" (dkt. 169-2 at 34); "Draft Email Confirmation of Additional Work to be Performed," Project Update and Report Scoping Call," Review and Edit Report Draft, and Write Report Summary of work Performed." (dkt 169-2 at 37).

7

agreement on the amount to be taxed. If the parties cannot agree, they shall by December 4, 2023 submit a report explaining their differences so the court may determine the amount to be taxed.

Date:   October 16, 2023

_____
Joan H. Lefkow
United States District Judge