**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VAUGHN NEITA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 19-cv-595 |
| | ) | |
| v. | ) | District Judge Martha M. Pacold |
| | ) | Magistrate Judge Keri L. Holleb Hotaling |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants' Motion for Leave to Conduct Additional Discovery

("Defendants' Motion") [Dkt. 251] and Plaintiff's Motion for Leave to Conduct Limited Discovery

and for Appropriate Sanctions ("Plaintiff's Motion") [Dkt. 252]. Both motions are fully briefed

and for the reasons that follow, both Defendants' Motion [Dkt. 251] and Plaintiff's Motion [Dkt.

252] are denied.

**PROCEDURAL HISTORY**

The original complaint was filed in this case on January 29, 2019 [Dkt. 1]. Discovery was

extended multiple times at the parties' request by both then-assigned District Judge Joan Lefkow

and then-assigned Magistrate Judge Susan E. Cox[1] [*see* Dkts. 48, 71, 108, 120, 125.] A review of

the docket reveals that there was extensive discovery motion practice. Eventually, fact discovery

closed on November 15, 2021 [Dkt. 128]. After the close of fact discovery, the City and officer

---

[1]    Judge Holleb Hotaling was not the magistrate judge on this case overseeing any matters that came before the Seventh Circuit. Magistrate Judge Susan E. Cox was the magistrate judge assigned to this case at that time, and she oversaw discovery for the short period from the time then-assigned District Judge Lefkow opened a discovery referral on March 10, 2021 [Dkt. 87] to the time Judge Cox closed that referral on November 23, 2021 because the parties had completed discovery [Dkt. 131]. Judge Holleb Hotaling assumed Judge Cox's caseload (and any cases on which Judge Cox was stamped as the assigned magistrate judge, even if there was no active referral) on August 10, 2023 upon Judge Cox's retirement. This case was referred to Judge Holleb Hotaling on January 27, 2026 for discovery and settlement [Dkt. 249]. Similarly, District Judge Pacold took over for Judge Lefkow on this case when a conflict was identified during a January 10, 2024 motion hearing [Dkt. 196] and Judge Lefkow recused herself [Dkt. 199].

Defendants moved for summary judgment [Dkt. 138], which was granted [Dkt. 167]. That ruling was appealed to the Seventh Circuit Court of Appeals, which affirmed in part, and reversed and remanded in part [Dkt. 228]. Specifically, the Seventh Circuit reversed "only the grant of summary judgment to the Defendants based on qualified immunity." [*Id.* at 39]. This revived Plaintiff Neita's claims of false arrest and illegal search and seizure (Counts I and II); his derivative claims of conspiracy to deprive of constitutional rights and failure to intervene (Counts IV and VI); and his claims for indemnification and malicious prosecution (Counts VII and VIII) [*Id.*]. The district court's discovery rulings and its dismissal of Neita's federal malicious prosecution claim (Count III) were affirmed [*Id.*].

## DISCUSSION

Discovery has been closed in this case for over four years. The parties could not agree to any further discovery at Judge Pacold's urging, so this Court is left to determine whether any further discovery is appropriate. It is not. Reopening discovery is governed by Rule 16(b)(4), which requires a showing of good cause. In evaluating whether good cause exists, "the primary consideration for district courts is the diligence of the party seeking amendment." *Ferguson v. Cook County, Illinois*, 349 F.R.D. 210, 211 (N.D. Ill. 2025) (signals omitted) (quoting *Alioto v. Town of Lisbon,* 651 F.3d 715, 720 (7th Cir. 2011).

As to Defendants' Motion [Dkt. 251], little analysis is needed. Defendants seek leave to conduct discovery into Plaintiff's claimed damages to his personal and professional reputation [Dkt. 251, ¶ 4]. However, Plaintiff's response to Defendants' motion confirms he "is not pursuing the damages theory identified in Defendants' Motion." [Dkt. 254 at 3]. Yet if Defendants believed Plaintiff's September 2020 testimony warranted additional financial discovery, Defendants had ample opportunity before discovery closed to serve additional targeted requests for financial

2

information, move to compel, seek tax returns, or request additional deposition time. Defendants did none of the above. Instead, now, more than five years later, Defendants seek broad financial records spanning multiple years and a renewed deposition on damages—despite the fact Plaintiff is not pursuing the damages theory that purportedly justifies the request. Defendants' motion reflects strategic reconsideration, not diligence, and the Seventh Circuit has made clear that lack of diligence is fatal under Rule 16. *Alioto*, 651 F.3d at 720. Because Defendants rely on information they have possessed since 2020 and cannot demonstrate they were prevented from pursuing discovery earlier, they cannot satisfy Rule 16(b)(4). Defendants' Motion for Leave to Conduct Additional Discovery [Dkt. 251] is denied.

Plaintiff's Motion for Leave to Conduct Limited Discovery and for Appropriate Sanctions ("Plaintiff's Motion") [Dkt. 252] is also denied. Distilled down, Plaintiff's main request is for a Chicago Police Department ("CPD") Law Department "memorandum" (which may or may not exist) that allegedly "acknowledge[es] that CPD had withheld BWC [body worn camera] footage in numerous cases." [Dkt. 252 at 2] and to depose former defense counsel about this memorandum. Plaintiff uses a representation made outside the confines of this case (and not made by defense counsel or on behalf of any party to this case) to make suppositions that 1) such a memorandum exists and 2) that it would be relevant to this case. The Court finds the entire issue of this memorandum to be a red herring. Plaintiff here *has* the relevant body worn camera footage—it was produced in 2021, after Plaintiff's deposition but before those of the Defendants [*see* Dkt. 255 at 4]. The issue of whether BWC footage was improperly withheld is simply not an issue in this case.[2] If Plaintiff wanted to take additional depositions or retake depositions based on this late-

---

[2] Plaintiff admits as much in his Motion, when he states that this discovery request "does not reopen merits discovery" [Dkt. 252 at 11]. Further, the Court disagrees that there is good cause to reopen fact discovery into the "evolution and credibility of the defense narrative" [*Id.*].

3

produced BWC footage, the time to raise this issue was in 2021. Moreover, and perhaps most crucially, the Seventh Circuit affirmed all discovery rulings made by the district court on the record before it when it issued its August 26, 2025 ruling in this case [Dkt. 228 at 2]. Finally, the Court notes that sanctions are not appropriate here either.

The Court finds discovery was sufficient in the underlying case. The Court will not reopen discovery in this matter at this remand stage. This 2019 case should proceed to trial or should settle.

The parties shall file a joint status report on April 10, 2026 indicating whether they are interested in a settlement conference at this juncture. The parties should keep in mind that Judge Holleb Hotaling's schedule typically is booked 2-3 months out from present with regards to settlement conferences, so the parties should notify Judge Holleb Hotaling's chambers as soon as possible once they realize they want a settlement conference; they do not need to wait for the next status report date. If the parties are not interested in a settlement conference, the Court may decide to terminate its referral.

**ENTERED: April 3, 2026**

_____
Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge

4